

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD J. GIORDANO,

                Plaintiff,

- against -

MEL S. HARRIS AND ASSOCIATES, LLC,

                Defendant.

ECF Case

Jury Trial Demanded

COMPLAINT

Case No. 08-cv-5503 (LAP)

    Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, and brings this Complaint against the above-named Defendant, and in support thereof alleges the following:

### PRELIMINARY STATEMENT

    1.    This is an action for statutory damages, costs and attorney's fees brought by the Plaintiff, Ronald J. Giordano ("Plaintiff"), an individual consumer, against the Defendant, Mel S. Harris and Associates, LLC ("Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

    2.    Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

    3.    This court has supplemental jurisdiction over any state law causes of action pursuant to 28 U.S.C. § 1367(a).

    4.    Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

1

## PARTIES

5. The Plaintiff, Ronald J. Giordano, is a natural person residing in Bronx County, New York. The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Based upon information and belief, the Defendant, Mel S. Harris and Associates, LLC, is a New York limited liability company with its principal place of business at 5 Hanover Square, 8th Floor, New York, NY 10004.

7. The Defendant is a law firm engaged in the business of collecting debts. The Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. On or about May 20, 2008, the Defendant, in an attempt to collect a *consumer debt*, sent the Plaintiff a letter (the "Letter") informing him that his bank account had been restrained as a result of a judgment that the Defendant obtained against him in the Civil Court of the City of New York, County of Bronx ("Bronx Civil Court"). (A copy of the Letter is attached as Exhibit "A").

9. Prior to receiving the Letter, the Plaintiff was not aware that the Defendant had initiated a lawsuit against him in Bronx Civil Court.

10. After receiving the Letter, the Plaintiff obtained a copy of the Affidavit of Service that the Defendant filed with the Bronx Civil Court wherein the Defendant's agent swore under oath that he served the Plaintiff with a copy of the summons and complaint. (A copy of the Affidavit of Service is attached as Exhibit "B").

11. The Affidavit of Service, sworn to under oath by the Defendant's agent, Robert A. Winckelmann ("Winckelmann"), contains several false statements.

12. For example, Winckelmann claims that he attempted to serve the Plaintiff at his residence located at 4216 Throgs Neck Expy (the "Premises") on November 29, 2007 at 8:50 p.m.

13. Winckelmann did not attempt to serve the Plaintiff on November 29, 2007 at 8:50 p.m.

14. Next, Winckelmann claims that he attempted to serve the Plaintiff at the Premises on November 30, 2007 at 5:15 a.m.

15. Winckelmann did not attempt to serve the Plaintiff on November 29, 2007 at 5:15 a.m.

16. Winckelmann also claims that he attempted to serve the Plaintiff at the Premises on December 3, 2007 at 7:11 a.m. and ultimately affixed a copy of the summons and complaint to the Plaintiff's door.

17. Winckelmann did not attempt to serve the Plaintiff on November 29, 2007 at 7:11 a.m. nor did Winckelmann affix a copy of the summons and complaint to the Plaintiff's door.

18. Lastly, Winckelmann claims that he spoke to a female neighbor "Jane Doe" at 4214 Throgs Neck Expy and she confirmed that the Plaintiff was not in the military service.

19. Winckelmann did not speak to a female neighbor at 4214 Throgs Neck Expy. In fact, nobody lives at 4214 Throgs Neck Expy because that address does not exist.

20. Although the Plaintiff was not served with the summons and complaint, on December 10, 2007, the Defendant filed an Affidavit of Service with the Bronx Civil Court representing that the Plaintiff had been served.

21. Based on the false representations contained in the Affidavit of Service, the Defendant obtained a default judgment against the Plaintiff on January 25, 2008.

22. Thereafter, the Defendant sent the Plaintiff the Letter claiming that the Plaintiff's bank account had been restrained.

23. Based upon information and belief, the Plaintiff's bank account had not been restrained.

## COUNT I

24. The Plaintiff restates and reiterates herein all previous paragraphs.

25. The Defendant violated the FDCPA on December 10, 2007 by filing an Affidavit of Service that contained false representations with the Bronx Civil Court.

26. The Defendant's conduct violated the FDCPA because the use of false representations in order to collect a debt is prohibited by 15 U.S.C. § 1692(e)(10).

27. The Defendant's conduct violated the FDCPA because the Defendant engaged in unfair or unconscionable conduct in order to collect a debt as prohibited by 15 U.S.C. §1692f;

28. As a result of the foregoing violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, costs and attorney's fees.

## COUNT II

29. The Plaintiff restates and reiterates herein all previous paragraphs.

30. The Defendant's Letter violated the FDCPA because the Letter contained false representations in violation of 15 U.S.C. § 1692(e)(10);

31. The Defendant's Letter violated the FDCPA because the Letter is an unfair or unconscionable means used to collect a debt in violation of 15 U.S.C. §1692f;

32. As a result of the foregoing violation of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, costs and attorney's fees.

## COUNT III

33.  The Plaintiff restates and reiterates herein all previous paragraphs.

34.  New York GBL § 349 prohibits deceptive acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in New York State.

35.  Making false statements regarding service of process in order to collect a debt is deceptive and misleading in a material respect.

36.  Filing a false Affidavit of Service in Civil Court in order to collect a debt is deceptive and misleading in a material respect.

37.  As a result of the Defendants' deceptive and misleading acts the Plaintiff has been injured.

38.  Defendants' acts and practices described above are likely to mislead a reasonable consumer acting reasonably under the circumstances.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A.  Statutory damages pursuant to U.S.C. § 1692k;

B.  Stutory damages pursuant to GBL § 349;

C.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k and GBL § 349; and

D.  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      June 18, 2008

                                          Respectfully submitted,

                                          RANDALL S. NEWMAN, P.C.

By: _____
                                          Randall S. Newman, Esq. (RN7862)
                                          40 Wall Street, 61st Floor
                                          New York, NY  10005
                                          Tel: (212) 797-3737

                                          *Attorney for Plaintiff,*
                                          *Ronald J. Giordano*

# EXHIBIT A

P 01

MEL S. HARRIS
DAVID WALDMAN
KERRY H. LUTZ
ARTHUR SANDERS
SETH H. SCHLANGER
RICHARD ELLISON
AMANDA PEREZ
JOSH R. YOUNGMAN
SCOTT WOHLMAN
JENNIFER DIMARZO

**Mel S. Harris and Associates, LLC**
ATTORNEYS AT LAW
Tel (866)414-7444  (212)571-4900
Fax (212)571-0965

Address for Correspondence:
5 Hanover Square, 8th Floor
New York, NY 10004

Address for Payments:
LR CREDIT
PO BOX 30132 General Post Office
New York, NY 10087-0132

RONALD GIORDANO SR
4216 THROGGS NECK EXPY
BRONX, NY 10465

Dated: 5/20/2008         ID. 806640-1
Re: LR CREDIT 15, LLC
Original Acct No: 4447961115397388
Court: CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX
Index No: 091353-BCV07
Judgment Date: 1/25/2008
Total Due: $1412.25
**Your Account Representative is: April Burns at ext.3263**

Dear RONALD GIORDANO SR ;

Your bank reports that they have restrained your account and is holding your bank account pursuant to the issuance of a restraining notice by this office in enforcement of the above stated judgment.

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Alimony or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers compensation benefits;
8. Public or private pensions; and
9. Veterans benefits.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order.

Kindly contact this office immediately upon receipt hereof with regard to resolving this matter.

Very truly yours,

Mel Harris and Associates, L.L.C.

This is a debt collection firm. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
If you have a complaint about the treatment you received from a staff member, please call our hot line, 212-660-1097.

# EXHIBIT B

P 01



## Affidavit of Service ☐ ORIGINAL

**CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF BRONX**
District: BRONX
Part:

| | |
|---|---|
| LR CREDIT 15, LLC | PLAINTIFF(s)/ PETITIONER(s) |
| - against - | |
| RONALD GIORDANO SR | DEFENDANT(s)/ RESPONDENT(s) |

Attorney: MSHAA
File No: 808840-1
Mortgage:
Internal ID: 6979
Index: 091353-BCV07
S&C Filed: 11/23/2007

**STATE OF NEW YORK: COUNTY OF NASSAU: ss:**

ROBERT A WINCKELMANN, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 12/03/2007 at 07:11 AM at 4216 THROGGS NECK EXPY, PRV HSE, BRONX, NY 10465, deponent served the within Summons and Complaint bearing Index Number and Filing Date endorsed thereon on RONALD GIORDANO SR defendant therein named.

☒ **AFFIXING TO DOOR, ETC.** By affixing 1 true copy(s) thereof to the door of said premises, the same being the defendant's dwelling place within the State of New York.

☒ **PREVIOUS ATTEMPTS** Deponent had previously attempted to serve the above named defendant/respondent on the following: 11/29/07 @ 8:50PM 11/30/07 @ 5:15AM

☒ **MAILING** Deponent completed service under the last two sections by depositing 1 copy(s) of the above described papers in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, on 12/04/2007 addressed to the defendant(s) served to the above address with the envelope bearing the legend "PERSONAL AND CONFIDENTIAL" and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the defendant(s).

**DEPONENT DESCRIBES THE INDIVIDUAL AS FOLLOWS:**

Sex:   Approx. Age:   Approx. Height:   Approx. Weight:   Color of Skin:   Color of Hair:

Other:

☒ Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or on active duty in the military service in State of New York or a dependant of anybody in the military and was told defendant and/or present occupant was not.

FEMALE NEIGHBOR "JANE DOE" @ # 4214 REFUSED NAME

Sworn to before me on: 12/04/2007

ANTHONY J MARONE
Notary Public, State of NEW YORK
No. 01BA4801103
Qualified in NASSAU
Commission expires 2/28/2010

ROBERT A WINCKELMANN
license no: 0971194